■ PETER H. SCHAMING et al., Respondents, v SAUNDERS CONSTRUCTION CARRIERS et al., Appellants.—Crew III, J. Appeal from an order of the Supreme Court (Harris, J.), entered April 5, 1990 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Peter H. Schaming (hereinafter plaintiff) and his wife commenced this action to recover damages allegedly sustained by plaintiff as the result of an automobile accident

which occurred on April 1, 1985. Following completion of discovery, defendants moved for summary judgment on the ground that plaintiff had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion and this appeal ensued. We affirm.

While driving to his home following the accident, plaintiff began experiencing pain in his back. After arriving home, his wife drove him to the hospital where X rays were taken and he was advised to consult with Brian Quinn, an orthopedic surgeon. Plaintiff saw Quinn on April 23, 1985 and continued to consult with him through February 7, 1989. Quinn testified, at a deposition, that plaintiff's X-ray studies revealed that he had a congenital condition known as spondylolysis which had become symptomatic as a result of the accident. It was Quinn's opinion that as a result of the accident plaintiff had a significant permanent partial disability of his back preventing heavy work. Plaintiff, a plumber by trade, testified that he has experienced pain in his back, thigh and leg since the accident as a result of which he has only been able to work two to three days per week.

In spite of the above, defendants contend that plaintiff has failed to establish a prima facie case of serious injury because his complaints of pain are entirely subjective. Defendants' position seems to be that where a treating physician makes a diagnosis solely in reliance on a patient's subjective complaints, such is per se insufficient to establish serious injury. That argument is not wholly without merit (see, Thomas v Drake, 145 AD2d 687). However, that is not the situation in this case. Here, there is objective clinical evidence of a congenital deformity of plaintiff's spine. Quinn, an orthopedic surgeon who has treated plaintiff from the onset of his injury, has opined that his pain is a result of the April 1, 1985 accident causing that condition to become symptomatic and resulting in a permanent disability. Thus, plaintiff's subjective complaints of pain are supported by competent medical evidence and a prima facie case of serious injury has been established (see, Mooney v Ovitt, 100 AD2d 702).

Finally, we find without merit defendants' claim that Supreme Court should have granted their motion because plaintiff suffered pain due to a preexisting condition. Quinn testified that the accident caused plaintiff's preexisting condition to become symptomatic which presents a question for resolution by a jury (see, Ortiz v Mendolia, 116 AD2d 707).

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.