■ RAHLEEK MATTHEWS et al., Respondents, v CUPIE TRANSPORTATION CORP. et al., Appellants. [758 NYS2d 66] —In an action to recover damages for personal injuries, etc., the defendants Cupie Transportation Corp. and Harry Philippe appeal, and the defendant Howard Cohen separately appeals, from an order of the Supreme Court, Kings County (Harkavy, J.), dated July 31, 2001, which denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill

of costs payable to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed.

The infant plaintiff (hereinafter the infant) was injured when the bus in which he was riding collided with another vehicle. As a result, the infant's mother commenced this action to recover damages for the infant's injuries, including head trauma, and for her own loss of services. Thereafter, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the infant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied the motions. We reverse.

In *Licari v Elliott* (57 NY2d 230 [1982]), the Court of Appeals approved the summary judgment mechanism to determine whether there was a "serious injury" in cases arising from motor vehicle accidents. The movant has the initial burden of establishing a prima facie entitlement to judgment as a matter of law. If the movant meets that burden, the burden shifts to the plaintiff to come forward with sufficient evidence to demonstrate serious injury (*see Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]).

In support of their motions, the defendants submitted the infant plaintiff's medical records which included a CT scan of the brain and an electroencephalography. The results of these tests, both of which were performed by the infant's treating physicians, demonstrated no objective evidence of injury. The defendants also submitted affirmed medical reports from their examining orthopedist and neurologist which essentially reported that the infant had normal examination results. In particular, the neurologist concluded the infant had high mental functions, normal memory, no deficits in cognitive functions, and that his speech was clear and fluent. This evidence established the defendants' prima facie entitlement to judgment as a matter of law (*see e.g. Kallicharan v Sooknanan,* 282 AD2d 573 [2001]; *Santoro v Daniel,* 276 AD2d 478 [2000]).

The burden then shifted to the plaintiffs to come forward with admissible evidence to raise a triable issue of fact. However, the plaintiffs failed to meet this burden. In opposition to the motion, the infant's mother alleged that as a result of the accident, the infant suffered an aggravation of a preexisting seizure disorder. Also submitted were affidavits from a psychiatrist and the infant's family practitioner.

We agree with our dissenting colleague that a preexisting condition does not foreclose a finding that the infant's injuries

were causally related to the accident. However, the plaintiffs' opposition lacked any objective medical evidence. Neither the psychiatrist's affidavit or the family practitioner's affidavit indicated that they witnessed a seizure episode by the infant. In addition, neither of the infant's doctors indicated that they performed any diagnostic tests which would confirm that a seizure disorder existed. Indeed, the psychiatrist's affidavit mainly reported behavioral changes and did not diagnose any type of seizure disorder. There was no indication that the infant was prescribed any medication to treat a seizure disorder. There was no objective proof to substantiate the claims that the infant suffered from some type of cognitive or developmental delay due to the accident. In fact, the only objective tests performed on the infant indicate that this was not the case.

Accordingly, the defendants were entitled to summary judgment (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]). Santucci, J.P., Smith, H. Miller and Mastro, JJ., concur.

Goldstein, J., dissents and votes to affirm the order appealed from, with the following memorandum: It is undisputed that as a result of the accident, the infant plaintiff suffered a head injury, posttraumatic headaches, and a sprain of both knees. The infant had a preexisting seizure disorder which manifested itself when he suffered one seizure shortly after his birth. Thereafter, until the time of the accident $4^{1}/_{2}$ years later, he did not suffer any seizures.

However, shortly after the accident, the infant plaintiff suffered another seizure. About two months later, he suffered yet another seizure. The plaintiffs submitted affidavits from a clinical psychiatrist and from a second physician, both stating that as a result of the accident, the infant plaintiff suffered, inter alia, postconcussion syndrome and the aggravation of a preexisting seizure disorder. The clinical psychologist further stated that as a result of the accident, the infant plaintiff suffered a "significant impairment in academic and social functioning." The defendants' neurologist noted in his report that the infant plaintiff had been placed in a special education class since the accident.

A preexisting condition does not foreclose a finding that a plaintiff's injuries were causally related to the subject accident (see Greenman v Poll, 197 AD2d 502, 504 [1993]; Schaming v Saunders Constr. Carriers, 172 AD2d 957 [1991]). The experts' opinions attesting to brain injury, aggravation of a preexisting seizure disorder, and impairment of academic and social functioning were sufficient to establish the existence of a tri-

able issue of fact on the question of serious injury (*see Weider v Senebouthyrath,* 182 AD2d 1124 [1992]). The infant plaintiff's seizures and placement in a special education class were objective manifestations of his injury (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]).

Accordingly, summary judgment was properly denied.