■ Mohammad S. Akhtar et al., Appellants, v Virginia A. Santos, Respondent. [869 NYS2d 220]—

On a motion for summary judgment, the defendant has the initial burden of making a prima facie showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Matthews v Cupie Transp. Corp.*, 302 AD2d 566, 567 [2003]). In this case, the orthopedist who examined the injured plaintiff on behalf of the defendant found restrictions in the range of motion of the plaintiff's cervical and lumbar spines and left shoulder five years after the accident. Accordingly, the defendant failed to meet her initial burden of establishing a prima facie case that the plaintiff had not sustained a serious injury. Under these circumstances, "it is not necessary to consider whether the plaintiff['s] papers in opposition to the defendant's motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see Swaby v Maldonado*, 52 AD3d 692, 692-693 [2008]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.