MARYSUE LEVEN GELLIS, Respondent, v GAUNHA Q. SINGHO et al., Appellants. [938 NYS2d 448]

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) to her brain or the cervical region of her spine as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Matthews v Cupie Transp. Corp.*, 302 AD2d 566 [2003]).

In opposition, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her brain under the permanent consequential limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see Perl v Meher*, 18 NY3d 208 [2011]). Accordingly, the Supreme Court

properly denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Dillon, J.P., Florio, Chambers and Roman, JJ., concur.