■ EDWARD RODGERS et al., Respondents, v CHARLES DUFFY, JR., et al., Appellants. [944 NYS2d 175]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, West-

chester County (Tolbert, J.), entered June 10, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant Charles Duffy, Sr., the cause of action asserted by the plaintiff Cindy Rodgers to recover damages for loss of services, and the demand for punitive damages, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

On August 5, 2007, the plaintiff Edward Rodgers (hereinafter the injured plaintiff) allegedly was injured in an automobile accident in which he was a passenger in a car driven by the defendant Charles Duffy, Jr. (hereinafter the Duffy, Jr.). Duffy, Jr., allegedly was intoxicated at the time of the accident. The injured plaintiff allegedly sustained, inter alia, an injury to his right wrist, which affected activities requiring the use of his right arm. He returned to work on light duty by the end of August 2007.

In this action, the injured plaintiff sought to recover compensatory and punitive damages for his injuries, and his wife, the plaintiff Cindy Rodgers, asserted a cause of action to recover damages for loss of services. The defendants, Duffy, Jr., Diana Duffy, the registered owner of the car, and Charles Duffy, Sr., Duffy Jr.'s father, moved for summary judgment dismissing the complaint and the demand for punitive damages. In support of the motion, the defendants argued, inter alia, that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants submitted, among other things, the medical records of the injured plaintiff. The Supreme Court denied the motion, and the defendants appeal.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants' submissions were insufficient to establish, prima facie, that the injured plaintiff did not sustain a serious injury to his right wrist within the permanent consequential limitation or significant limitation categories of Insurance Law § 5102 (d) as a result of the subject accident. The defendants' expert, Dr. Rene Elkin, conducted only a neurologic examination of the injured plaintiff, and deferred to an orthopedist with respect to any injury to the injured plaintiff's wrist. While Dr.

Win Chang, one of the treating orthopedists, did state in progress notes that the injured plaintiff had full range of motion with discomfort upon movement of the wrist, Dr. Chang failed to set forth any objective tests that were performed to arrive at that conclusion (*see Perez v Fugon,* 52 AD3d 668, 669 [2008]; *Giammanco v Valerio,* 47 AD3d 674, 675 [2008]). Another treating orthopedist, Dr. Stuart Elkowitz, made no statement in his progress notes regarding any objective range of motion testing of the injured plaintiff's wrist.

The defendants also failed to establish, prima facie, that the wrist injury was entirely preexisting and not causally related to the subject accident. A preexisting condition does not foreclose a finding that the injuries were causally related to the accident (*see Matthews v Cupie Transp. Corp.,* 302 AD2d 566 [2003]). The injured plaintiff alleged that his wrist was injured in the subject accident and that the injury persisted, ultimately requiring surgery in February 2010. An MRI of his right wrist, performed in October 2007, showed "evidence of considerable osteochondral injury in the volar aspect of the lunate and triquetrum," and degeneration of the "triangular fibrocartilage complex" without any tear, all of which was "compatible with the clinical diagnosis of chronic ulnocarpal impingement." The February 2010 operative report of the orthopedic surgeon noted a central tear of the triangular fibrocartilage complex. This evidence did not eliminate a triable issue of fact as to whether the injured plaintiff sustained the wrist injury as a result of the subject accident or sustained an exacerbation of a preexisting condition as a result of the accident (*see Pfeiffer v New York Cent. Mut. Fire Ins. Co.,* 71 AD3d 971 [2010]).

Since the defendants failed to satisfy their initial burden regarding the wrist injury on their motion for summary judgment, it is not necessary to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see Levin v Khan,* 73 AD3d 991, 992 [2010]; *Akhtar v Santos,* 57 AD3d 593 [2008]).

However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the demand for punitive damages. Punitive damages are available to vindicate a public right only where the actions of the alleged tortfeasor constitute either gross recklessness or intentional, wanton or malicious conduct aimed at the public generally, or were activated by evil or reprehensible motives (*see Felton v Tourtoulis,* 87 AD3d 983, 984 [2011]; *Aronis v TLC Vision Ctrs., Inc.,* 49 AD3d 576, 577 [2008]). Evidence that a defendant was driving while intoxicated is insufficient by itself to

justify the imposition of punitive damages (*see Deon v Fortuna*, 283 AD2d 388, 389 [2001]; *Boykin v Mora*, 274 AD2d 441, 442 [2000]). Here, there is no other evidence to indicate that Duffy, Jr., acted with evil or reprehensible motives, or so recklessly or wantonly as to warrant an award of punitive damages.

The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Duffy, Sr., as he was not the owner or driver of the vehicle involved in the accident (*see Oliver v Garris*, 298 AD2d 509 [2002]).

Finally, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiff Cindy Rodgers's cause of action to recover damages for loss of services, since the alleged tortious conduct and resultant injuries occurred prior to her marriage to the injured plaintiff (*see Anderson v Eli Lilly & Co.*, 79 NY2d 797, 798 [1991]; *Briggs v Butterfield Mem. Hosp.*, 104 AD2d 626 [1984]). Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.