██ Doris Johnston et al., Respondents, v Dominic Peluso, Appellant. [963 NYS2d 388]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 19, 2012, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff Doris Johnston did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff Doris Johnston did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), by submitting competent medical evidence establishing, prima facie, that the alleged injuries to Johnston's left shoulder and to the cervical region of her spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). The defendant did not, however, eliminate triable issues of fact as to whether any alleged injuries to Johnston's left shoulder were causally related to the subject accident (*see Rodgers v Duffy*, 95 AD3d 864, 866 [2012]).

In opposition to the defendant's prima facie showing that Johnston did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the plaintiffs raised a triable issue of fact as to whether Johnston sustained such an injury to her left shoulder (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly denied. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur. 