■ ZACHARY MARSHALL, Respondent, v LIONEL L. MARSHALL et al., Appellants, et al., Defendant. [986 NYS2d 168]—

In an action to recover damages for personal injuries, the defendants Lionel L. Marshall and Patricia A. Marshall appeal, as

limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated July 2, 2013, as, upon renewal, denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, which previously had been granted in an order of the same court dated January 16, 2013.

Ordered that the order dated July 2, 2013, is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the determination in the order dated January 16, 2013, granting the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, is adhered to.

The appellants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The appellants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's brain did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351). The appellants also submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Richards v Tyson*, 64 AD3d 760, 761 [2009]).

The evidence submitted by the plaintiff upon renewal failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court should have adhered to its original determination granting the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Roman, Sgroi and Miller, JJ., concur.