■ .JANET PENDLETON et al., Appellants, v MADELINE BIZ-ZOCO et al., Respondents. [58 NYS3d 567]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 18, 2016, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Janet Pendleton did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff Janet Pendleton (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the injured plaintiff's brain did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Marshall v Marshall*, 117 AD3d 805, 806 [2014]; *Gellis v Singho*, 92 AD3d 720 [2012]; *Felix v Wildred*, 54 AD3d 891 [2008]; *Matthews v Cupie Transp. Corp.*, 302 AD2d 566, 567 [2003]), and that, in any event, the alleged injury was not caused by the subject accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]). In opposition, however, the plaintiffs raised triable issues of fact as to whether the injured plaintiff sustained a serious injury to her brain under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d), and as to whether the alleged injury was caused by the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 353-355; *Flanders v National Grange Mut. Ins. Co.*, 124 AD3d 1035, 1036-1038 [2015]; *Gellis v Singho*, 92 AD3d at 720; *Jilani v Palmer*, 83 AD3d at 787).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.