Torres v Rettaliata (2019 NY Slip Op 02578)





Torres v Rettaliata


2019 NY Slip Op 02578


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-05014
 (Index No. 35579/12)

[*1]Carmen Torres, respondent, 
v
Peter D. Rettaliata, et al., appellants.


The Law Office of David S. Klausner PLLC, White Plains, NY (Stephen Slater of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated March 10, 2017. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court, inter alia, denied the defendants' motion. The defendants appeal from so much of the order as denied their motion for summary judgment dismissing the complaint.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). They submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's right shoulder and the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her right shoulder and the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219). As the defendants failed to establish, prima facie, a lack of causation (see Sanclemente v MTA Bus Co., 116 AD3d 688, 689; Rodgers v Duffy, 95 AD3d 864, 866), the burden did not shift to the plaintiff to raise a triable issue of fact regarding causation or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Lambropoulos v Gomez, 166 AD3d 952).
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court