Mesias v Modak (2022 NY Slip Op 07229)

Mesias v Modak

2022 NY Slip Op 07229

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-04263
 (Index No. 702931/18)

[*1]Rosa Isabel Mesias, plaintiff, Ricardo A. Tigua, appellant, 
v
Sajib Modak, respondent.

William Pager, Brooklyn, NY, for appellant.
Jennifer S. Adams, Lake Success, NY (Jacqueline Doody of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Ricardo A. Tigua appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 28, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Ricardo A. Tigua on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Ricardo A. Tigua is denied.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident that occurred on October 1, 2017. The defendant thereafter moved for summary judgment dismissing the complaint insofar as asserted by the plaintiff Ricardo A. Tigua on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and Tigua appeals.
The defendant failed to meet his prima facie burden of showing that Tigua did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that Tigua did not sustain a serious injury to his wrists under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). Although the defendant's neurologist concluded that Tigua did not suffer from median neuropathy or carpal tunnel syndrome in his wrists, the neurologist failed to identify the objective tests that were performed to arrive at this conclusion (see Cho v Demelo, 175 AD3d 1235, 1237; Zavala v Zizzo, 172 AD3d 793, 794; Rodgers v Duffy, 95 AD3d 864, 866). It is therefore unnecessary to determine whether the papers submitted by Tigua in opposition to the motion were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted by Tigua.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court