■ JASON C. SMITH, Appellant, v NICHOLAS PERRIELLO, JR., Respondent. [926 NYS2d 111]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (DiBella, J.), entered April 5, 2010, which, inter alia, in effect, granted that branch of the defendant's motion which was, in effect, to limit his damages to the principal sum of $800, in effect, denied, as academic, that branch of his cross motion which was for summary judgment on his cause of action to recover damages for breach of contract, and denied that branch of his motion which was for a hearing on the issue of an attorney's fee.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the defendant's motion which was, in effect, to limit the plaintiff's damages to the principal sum of $800 and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof, in effect, denying, as academic, that branch of the plaintiff's cross motion which was for summary judgment on his cause of action to recover damages for breach of contract and substituting therefor a provision denying that branch of the cross motion on the merits; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant failed to meet his prima facie burden of establishing his entitlement to judgment as a matter of law on that branch of his motion which was, in effect, to limit the plaintiff's damages to the principal sum of $800 for the cost of moving to a new apartment, and the plaintiff likewise failed to meet his prima facie burden of establishing his entitlement to judgment as a matter of law on his cause of action to recover damages for breach of contract (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). The record reveals that there are triable issues of fact as to whether the plaintiff may also be entitled to rent abatements for the defendant's alleged breach of the warranty of habitability in failing to supply adequate heat to the subject apartment (see Kura, LLC v Praschnik-Buchman, 27 Misc 3d 127[A], 2011 NY Slip Op 50580[U] [2010]; 501 N.Y. LLC v Anekwe, 14 Misc 3d 129[A], 2006 NY Slip Op 52513[U] [2006]), and to a return of the plaintiff's security deposit. There are also triable issues of fact as to whether the defendant breached the subject lease. Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was, in effect, to limit the plaintiff's damages to the principal sum of $800 for the cost of moving to a new apartment, and that branch of the plaintiff's cross motion which was for summary judgment on his cause of action to recover damages for breach of contract.

However, the Supreme Court properly determined that the plaintiff was not entitled to punitive damages under the circumstances of this case (see Tartaro v Allstate Indem. Co., 56 AD3d 758 [2008]; see also Reads Co., LLC v Katz, 72 AD3d 1054, 1056 [2010]; Moran v Orth, 36 AD3d 771, 773 [2007]).

Finally, the plaintiff failed to establish a right to a hearing on the issue of an attorney's fee, since the lease only provides for an attorney's fee to the prevailing party in an action for "nonpayment of rent or recovery of possession of the Apartment." Rivera, J.P., Skelos, Angiolillo and Sgroi, JJ., concur.