STEVEN KLICHE, Appellant, v ALL ISLAND TRUCK AND LEASING, Defendant, and DJS TRANSPORT, Inc., et al., Respondents.
[938 NYS2d 467]—

The defendants DJS Transport, Inc., and David J. Watson (hereinafter together the defendants) met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's left shoulder did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). Although the defendants also attempted to establish, prima facie, that those alleged injuries were not caused by the accident, contrary to the determination of the Supreme Court, the defendants failed to do so.

In opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to his left shoulder constituted a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 217 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.