In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated April 13, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and denied, as academic, her cross motion for summary judgment on the issue of liability.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying, as academic, the plaintiffs cross motion for summary judgment on the issue of liability, and substituting therefor a provision denying the cross motion on the merits; as so modified, the order is affirmed, without costs or disbursements.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the *689 subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Although the defendants attempted to establish, prima facie, that the alleged injuries were not caused or exacerbated by the subject accident, contrary to the determination of the Supreme Court, the defendants failed to do so (see Rodgers v Duffy, 95 AD3d 864, 866 [2012]; Kliche v All Is. Truck & Leasing, 92 AD3d 726, 727 [2012]). Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment, and it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Farrah v Pinos, 103 AD3d 831, 832 [2013]).
In light of our determination, the plaintiffs cross motion for summary judgment on the issue of liability should not have been denied as academic. However, contrary to plaintiffs contention, her cross motion should have been denied on the merits (see generally Petrychenko v Solovey, 99 AD3d 777 [2012]; Smith v Perriello, 85 AD3d 895 [2011]; Spano v Kings Park Cent. School Disk., 61 AD3d 666 [2009]; compare Re-Poly Mfg. Corp. v Dragonides, 109 AD3d 532 [2013]). Although the plaintiff established, prima facie, her entitlement to judgment as a matter of law on the issue of liability (see Benedikt v Certified Lbr. Corp., 60 AD3d 798, 798 [2009]; Voskin v Lemel, 52 AD3d 503 [2008]; see also Vehicle and Traffic Law § 1146 [a]), the defendants’ submissions in opposition were sufficient to raise a triable issue of fact as to whether the plaintiff was comparatively at fault by failing to exercise due care in crossing the street at a point other than an intersection or a crosswalk (see Billingy v Blagrove, 84 AD3d 848, 849 [2011]; Ryan v Budget Rent a Car, 37 AD3d 698, 699 [2007]; Pareja v Brown, 18 AD3d 636, 637 [2005]; Parrinello v Davis, 2 AD3d 610, 610-611 [2003]; see also Vehicle and Traffic Law § 1152 [a]). Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.