■ NICOLINA D'AUGUSTINO et al., Appellants-Respondents, v BRYAN AUTO PARTS, INC., et al., Respondents, and DENNIS BOYLE, Respondent-Appellant. [59 NYS3d 104]—

Appeal and cross appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered April 15, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendants Bryan Auto Parts, Inc., and Samuel Rattray which was for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied the motion of the defendant Dennis Boyle for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and granted that branch of the motion of the defendants Bryan Auto Parts, Inc., and Samuel Rattray which was for summary judgment dismissing all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Bryan Auto Parts, Inc., and Samuel Rattray which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiffs by the defendants appearing separately and filing separate briefs.

On August 11, 2011, the defendant Dennis Boyle parked his vehicle on a street near an automobile repair shop operated by the defendant Bryan Auto Parts, Inc. (hereinafter Bryan), for the purpose of getting a New York State Department of Motor Vehicles inspection. After Boyle gave the keys for his vehicle to an employee of the shop, the defendant Samuel Rattray, a shop mechanic, was instructed to drive the Boyle vehicle into the shop. It is undisputed that as Rattray was driving the Boyle vehicle toward an intersection, he failed to stop at a stop sign, and struck a vehicle being driven by the plaintiff Nicolina D'Augustino (hereinafter the injured plaintiff) on the driver's side. The injured plaintiff had the right of way to pass through the intersection, which had no traffic signal or sign on the street she was traveling upon.

Following the commencement of this action by the injured plaintiff, and her husband suing derivatively, Bryan and Rattray moved for summary judgment dismissing the complaint

and all cross claims insofar as asserted against them. In support of their motion, they submitted a transcript of Rattray's deposition, at which he testified that as he approached the stop sign, he pressed the brake pedal but it "went to the floor," and despite Rattray pumping the brake pedal "10, 15, 20 times," the vehicle did not stop. Bryan and Rattray invoked the emergency doctrine, premised upon an allegedly sudden and unsuspected brake failure that occurred when Rattray attempted to stop at the subject stop sign. Boyle also moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, both on the ground that he was not at fault in the happening of the accident and on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. The Supreme Court granted the motion of Bryan and Rattray, and denied Boyle's motion. The plaintiffs appeal, and Boyle cross-appeals.

As a general matter, a driver traveling on a road controlled by a stop sign who fails to yield the right of way is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law (*see Francavilla v Doyno*, 96 AD3d 714, 715 [2012]; *Singh v Singh*, 81 AD3d 807, 808 [2011]; *Martin v Ali*, 78 AD3d 1135, 1136 [2010]; *Thompson v Schmitt*, 74 AD3d 789, 789 [2010]). Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Caristo v Sanzone*, 96 NY2d 172, 174 [2001]; *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]). When the driver of the offending vehicle in an automobile accident lays blame for the accident on brake failure, it is incumbent upon that party to show that the brake problem was unanticipated (*see Ballatore v HUB Truck Rental Corp.*, 83 AD3d 978, 980 [2011]; *Vidal v Tsitsiashvili*, 297 AD2d 638 [2002]).

Here, the plaintiffs contend that the emergency doctrine defense asserted by Bryan and Rattray, which is premised upon sudden and unsuspected brake failure, should be stricken based on spoliation of evidence, because it is undisputed that following the accident, but prior to commencement of this action, Bryan discarded the brake lines that allegedly failed. The plaintiffs improperly raise this issue for the first time on ap-

peal (*see 1812 Quentin Rd., LLC v 1812 Quentin Rd. Condominium Ltd.*, 94 AD3d 1070 [2012]), and the issue does not involve a pure question of law (*see Allen v Zecca Mirror & Glass, Inc.*, 106 AD3d 596 [2013]), since "[t]he nature and severity of the sanction depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party" (*Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]).

In any event, Bryan and Rattray failed to establish their prima facie entitlement to judgment as a matter of law, since their own submissions failed to eliminate triable issues of fact as to whether the emergency doctrine applied and, if so, whether Rattray acted reasonably under the circumstances of the emergency. Therefore, their motion for summary judgment should have been denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court properly denied Boyle's motion for summary judgment. Boyle failed to establish that he properly maintained the brakes in his vehicle. Further, Boyle failed to meet his prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by Boyle failed to address the injured plaintiff's claims, set forth in the bill of particulars, of the exacerbation of preexisting injuries to the cervical region of her spine and left shoulder (*see Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]), and that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her ususal and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Since Boyle failed to meet his prima facie burden on the issue of serious injury, it is unnecessary to determine whether the papers submitted by the plaintiffs were sufficient to raise a triable issue of fact in that regard (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Uvaydov v Peart*, 99 AD3d 891 [2012]). Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.