Tarnagorski v Donofrio (2020 NY Slip Op 03940)





Tarnagorski v Donofrio


2020 NY Slip Op 03940


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-01691
 (Index No. 603051/17)

[*1]Jasmine L. Tarnagorski, appellant, 
v
Salvatore Donofrio, et al., respondents.


Steven Cohn, P.C., Carle Place, NY (Mitchell R. Goldklang of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered January 7, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident at issue.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she alleges she sustained in a motor vehicle accident that occurred in 2015. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants failed to establish, prima facie, that the plaintiff's claim of a serious injury to her head does not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Rosales v Rivera, 176 AD3d 753, 754; Adams v Dura Cab Corp., 152 AD3d 634, 635). Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we reverse the order.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court