Chini v Chini (2020 NY Slip Op 07349)





Chini v Chini


2020 NY Slip Op 07349


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-09421 
2018-09422
 (Index No. 518600/17)

[*1]Julius Chini, appellant, 
v
Albert Chini, et al., respondents, et al., defendant.


Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York, NY (Ronald S. Languedoc of counsel), for appellant.
Pearce Law Firm, New York, NY (Donald Pearce of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that certain premises and the plaintiff's tenancy were protected under the Rent Stabilization Law of 1969 and the Rent Stabilization Code, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated May 31, 2018, and (2) a judgment of the same court dated July 2, 2018. The order granted the motion of the defendants Albert Chini and Mary Collins, as executors of the estate of Anelia Chini, for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim for a judgment declaring that the subject premises and the plaintiff's tenancy were not protected under the Rent Stabilization Law of 1969 and the Rent Stabilization Code. The judgment, upon the order, is, in effect, in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against them and on their counterclaim, and declaring that the subject premises and the plaintiff's tenancy were not protected under the Rent Stabilization Law of 1969 and the Rent Stabilization Code.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendants Albert Chini and Mary Collins, as executors of the estate of Anelia Chini, for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim for a judgment declaring that the subject premises and the plaintiff's tenancy were not protected under the Rent Stabilization Law of 1969 and the Rent Stabilization Code is denied, the complaint insofar as asserted against those defendants is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho , 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 1951, the plaintiff's parents, Anelia Chini and Emanuel Chini (hereinafter Anelia and Emanuel, respectively), purchased real property located on Jefferson Avenue in Brooklyn (hereinafter the subject property). The subject property contains six rental units. Apartment #2L was the family home where the plaintiff and his three siblings, Gloria Mahood and the defendants Albert Chini and Mary Collins (hereinafter Gloria, Albert, and Mary, respectively), were raised. In or around 1980, Anelia and Emanuel began staying with Gloria at her home in New Jersey; the plaintiff remained in the apartment. In 1989, Emanuel died and Anelia became sole titleholder of the subject property. In 2001, at Anelia's request, the plaintiff began paying rent in the sum of $300 per month for the apartment.
Anelia died on October 27, 2008, survived by the plaintiff, Albert, Mary, and the four children of Gloria, who had predeceased Anelia. The decedent's will was admitted to probate on March 31, 2009. The will appointed Albert and Mary as the executors of the decedent's estate. Pursuant to the will, the subject property was not specifically devised. Rather, the will directed Albert and Mary to sell the subject property within a reasonable amount of time after Anelia's death, and to distribute 25% of the proceeds to each of her children per stirpes, and in the plaintiff's case, to a trust for his benefit.
After the will was admitted to probate, Mary asked the plaintiff to increase his rent payments to $600 per month. The plaintiff agreed to her request, and, since 2009, paid rent in the sum of $600 per month.
In September 2017, the plaintiff commenced this action seeking, inter alia, a judgment declaring that he is a rent stabilized tenant and that the defendants and all successors are required to comply with the provisions of the Rent Stabilization Law of 1969 and the Rent Stabilization Code with respect to the plaintiff's tenancy. After issue was joined, but prior to the completion of discovery, Albert and Mary moved for summary judgment dismissing the complaint insofar as asserted against them and on a counterclaim they had interposed for a judgment declaring that the apartment and the plaintiff's occupancy of it are not subject to rent stabilization. Following oral argument, the Supreme Court granted that motion. The plaintiff appeals.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp. , 68 NY2d 320, 324; see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853; Zuckerman v City of New York , 49 NY2d 557, 562). Failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp. , 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr. , 64 NY2d at 853).
Here, Albert and Mary failed to establish, prima facie, that the apartment and the plaintiff's tenancy were not protected under the Rent Stabilization Law of 1969 and the Rent Stabilization Code. Pursuant to Rent Stabilization Code (9 NYCRR) § 2520.6(d), a "tenant" means "[a]ny person or persons named on a lease as lessee or lessees, or who is or are a party or parties to a rental agreement and obligated to pay rent for the use or occupancy of a housing accommodation." The evidence submitted by Albert and Mary in support of their motion failed to eliminate triable issues of fact as to whether, inter alia, the plaintiff was a party to a "rental agreement" (see Rent Stabilization Code §§ 2520.6[d]; 2520.11). Accordingly, we disagree with the Supreme Court's determination to grant their motion for summary judgment.
The plaintiff's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court