Detoma v Dobson (2023 NY Slip Op 01661)

Detoma v Dobson

2023 NY Slip Op 01661

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-02478
 (Index No. 609309/17)

[*1]Anthony Detoma, respondent-appellant, 
v
William T. Dobson, defendant-appellant-respondent, Port Authority of New York & New Jersey, defendant third-party plaintiff-appellant-respondent, et al., defendant; Techno Consult, Inc., third-party defendant-appellant-respondent.

McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Carle Place, NY (Patrick M. Murphy and Robert Passarelli of counsel), for defendant-appellant-respondent, defendant third-party plaintiff-appellant-respondent, and third-party defendant-appellant-respondent.
Grey & Grey, LLP, Farmingdale, NY (Sherman B. Kerner of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant William T. Dobson, the defendant third-party plaintiff, and the third-party defendant appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered March 17, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendant William T. Dobson and the third-party defendant which was for summary judgment dismissing so much of the complaint insofar as asserted against the defendant William T. Dobson as alleged that the plaintiff sustained a serious injury to the lumbar region of his spine within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order, insofar as cross-appealed from, granted that branch of motion of the defendant William T. Dobson and the third-party defendant which was for summary judgment dismissing so much of the complaint insofar as asserted against the defendant William T. Dobson as alleged that the plaintiff sustained a serious injury to his heart within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the appeal by the defendant third-party plaintiff is dismissed, as the defendant third-party plaintiff is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant William T. Dobson and the third-party defendant; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendant William T. Dobson and the third-party defendant which was for summary judgment dismissing so much of the complaint insofar as asserted against the defendant William T. Dobson as alleged that the plaintiff sustained a serious injury to his heart within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied; and it [*2]is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendant William T. Dobson and the third-party defendant, Techno Consult, Inc. (hereinafter together the moving defendants), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Dobson on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
In an order entered March 17, 2021, the Supreme Court, inter alia, granted that branch of the moving defendants' motion which was for summary judgment dismissing so much of the complaint insofar as asserted against Dobson as alleged that the plaintiff sustained a serious injury to his heart within the meaning of Insurance Law § 5102(d) as a result of the accident, but denied that branch of the motion which was for summary judgment dismissing so much of the complaint insofar as asserted against Dobson as alleged that the plaintiff sustained a serious injury to the lumbar region of his spine within the meaning of Insurance Law § 5102(d) as a result of the accident. The moving defendants appeal, and the plaintiff cross-appeals.
The moving defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury to the lumbar region of his spine within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The moving defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the lumbar region of his spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as their experts found significant limitations in the range of motion of this body part (see Doubleday v Ferdous, 207 AD3d 522, 523; Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nunez v Teel, 162 AD3d 1058, 1059).
Furthermore, the moving defendants failed to establish, prima facie, that the alleged injuries to the lumbar region of the plaintiff's spine were not caused by the accident (see Reddick v Hickey, 197 AD3d 581, 582; Straussberg v Marghub, 108 AD3d 694, 695; Kearney v Garrett, 92 AD3d 725, 726). Although the moving defendants' experts opined that the plaintiff's injuries were degenerative in nature, they failed to address the plaintiff's claims, set forth in the bill of particulars, that the accident exacerbated his preexisting injuries (see D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650; Sanclemente v MTA Bus Co., 116 AD3d 688, 689; Rodgers v Duffy, 95 AD3d 864, 866; Edouazin v Champlain, 89 AD3d 892, 895).
Since the moving defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury to the lumbar region of his spine, or that his alleged injuries were not caused by the accident, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition to the motion were sufficient to raise a triable issue of fact in this regard (see D'Augustino v Bryan Auto Parts, Inc., 152 AD3d at 650; Che Hong Kim v Kossoff, 90 AD3d 969). Accordingly, the Supreme Court properly denied that branch of the moving defendants' motion which was for summary judgment dismissing so much of the complaint insofar as asserted against Dobson as alleged that the plaintiff sustained a serious injury to the lumbar region of his spine within the meaning of Insurance Law § 5102(d) as a result of the accident.
The Supreme Court, however, should not have granted that branch of the moving defendants' motion which was for summary judgment dismissing so much of the complaint insofar as asserted against Dobson as alleged that the plaintiff sustained a serious injury to his heart within the meaning of Insurance Law § 5102(d) as a result of the accident. Since the moving defendants failed to establish that the plaintiff did not sustain a serious injury to the lumbar region of his spine, it was unnecessary for the court to determine whether the plaintiff's other alleged injuries meet the "no fault" threshold (see Linton v Nawaz, 14 NY3d 821, 822; Pollet v Charyn, 200 AD3d 728, 730).
In light of this determination, we need not reach the parties' remaining contentions.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court