Weber v Kalisky (2023 NY Slip Op 03815)

Weber v Kalisky

2023 NY Slip Op 03815

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-05488
 (Index No. 614320/16)

[*1]Gina Weber, appellant, 
v
Alan Kalisky, respondent.

Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Martyn, Martyn, Smith, Murray and Yong, Mineola, NY (Kelly A. Green of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated June 29, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident at issue.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
In September 2016, the plaintiff commenced this action to recover damages for personal injuries that she alleged she sustained as a result of a motor vehicle accident that occurred in October 2013 between the vehicle she was operating and a vehicle owned and operated by the defendant. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated June 29, 2020, the Supreme Court granted the motion. The plaintiff appeals. We reverse.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant's motion papers failed to eliminate triable issues of fact regarding the plaintiff's claims, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Despinos-Cadet v Stein, 209 AD3d 978, 979-980; Rouach v Betts, 71 AD3d 977, 977). The defendant's submissions also failed to address the plaintiff's claims, set forth in the bill of particulars, that, as a result of the defendant's negligence, the accident exacerbated preexisting injuries to the cervical, thoracic, and lumbar regions of her spine (see D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650; Sanclemente v MTA Bus Co., 116 AD3d 688, 689).
Since the defendant failed to meet his prima facie burden, the Supreme Court should have denied the motion for summary judgment without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court