Matter of Posillico v Southold Town Zoning Bd. of Appeals (2023 NY Slip Op 04424)

Matter of Posillico v Southold Town Zoning Bd. of Appeals

2023 NY Slip Op 04424

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-07363
 (Index No. 1498/20)

[*1]In the Matter of Vincenzo Posillico, et al., respondents, 
v
Southold Town Zoning Board of Appeals, appellant.

Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southold dated February 20, 2020, which denied the petitioners' application for a determination that Code of the Town of Southold § 280-10(C)(6) applied retroactively, and that certain properties owned by the petitioners were therefore exempt from the merger provisions of the Code of the Town of Southold, the Zoning Board of Appeals of the Town of Southold appeals from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), dated August 23, 2021. The judgment granted the petition, annulled the determination, and, in effect, directed the Zoning Board of Appeals of the Town of Southold to grant the application.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioners, Vincenzo Posillico (hereinafter Vincenzo) and Margherita Posillico (hereinafter Margherita), are the respective owners of two adjoining parcels of real property located in the Town of Southold. Margherita is the owner of a nonconforming 0.52-acre parcel of property (hereinafter Lot 1), which is improved with a single-family residence. Vincenzo is the owner of a nonconforming 0.53-acre parcel of property (hereinafter Lot 2), which is vacant. The properties became nonconforming in 1973 when the Town increased the minimum lot area to 40,000 square feet.
In 1983, the Town enacted Code of the Town of Southold (hereinafter Town Code) § 280-10 (hereinafter the merger law), which merged nonconforming lots that were held in common ownership. At the time the merger law was enacted, Lot 1 was owned by nonparties James Fraleigh and Kathleen Fraleigh as joint tenants with rights of survivorship, and Lot 2 was owned solely by Kathleen Fraleigh. In 2000, James Fraleigh died, and Kathleen Fraleigh, as the surviving joint [*2]tenant, became the sole owner of Lot 1. As a result, the two lots were deemed merged pursuant to Town Code § 280-10(A).
In 2007, the Town enacted Local Law No. 10-2007, which amended the merger law by creating an exception for properties which had become merged as the result of the death of a co-owner. The amendment was effected by the addition of a new subparagraph (6) to Town Code § 280-10(C), which provides: "Exceptions. Lots which . . . meet any of the following categories shall be exempt from the merger provision . . . and shall not be deemed merged by operation of this chapter: . . . (6) [i]f the lots would otherwise be recognized pursuant to this chapter and subsequently would have merged by operation of law as a result of the death of an owner or co-owner of one or more of the adjoining lots, except that the lots shall not be held in common ownership after the death of the surviving co-owner." The Town Board explained its intent in enacting the exception as follows: "Purpose—The Town Board has received substantial public comment to the effect that the Town of Southold merger law, as currently constituted, unfairly subjects surviving spouses and other joint owners of property to the loss of the single and separate status of their adjoining properties merely by the death of one such joint owner. Inasmuch as the Town Board believes this result is unjust and not the intended consequence of the merger law, it believes it necessary to provide for a limited exception to the merger of such properties" (Local Law No. 10-2007[I]).
In 2017, Margherita purchased Lot 1 from Kathleen Fraleigh and Vincenzo purchased Lot 2. Thereafter, Vincenzo filed an application for a building permit to build a single-family home on Lot 2. The Town's Building Department refused to issue the building permit because it did not deem the merger exemption applicable to the petitioners' two lots. The petitioners filed an application to the Town of Southold Zoning Board of Appeals (hereinafter the ZBA) for an interpretation of Town Code § 280-10(C)(6) to confirm that the petitioners' properties were exempt from the merger law. On February 20, 2020, the ZBA denied the petitioners' application. The ZBA determined that Town Code § 280-10(C)(6) did not apply retroactively, and therefore the exemption provided by that statute did not apply to Lot 2.
The petitioners thereafter commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. By judgment dated August 23, 2021, the Supreme Court determined that Town Code § 280-10(C)(6), as a remedial law, applied retroactively, and that the petitioners' properties were therefore exempt from the merger law. The court therefore granted the petition, annulled the determination, and, in effect, directed the ZBA to grant the petitioners' application. This appeal ensued.
"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Bd. of Appeals, 199 AD3d 803, 805 [internal quotation marks omitted]; see Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d 515, 515). "'Nevertheless, a narrow but well recognized exception to this rule exists where the question is one of pure legal interpretation of statutory terms, in which case deference to the zoning board is not required'" (Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d at 515, quoting Matter of 151 Rte. 17M Assoc., LLC v Zoning Bd. of Appeals of Vil. of Harriman, 19 AD3d 422, 424 [internal quotation marks omitted]; see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 419).
"[T]wo axioms of statutory interpretation" are relevant in determining whether a statute should be given retroactive effect (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122; see Nelson v HSBC Bank USA, 87 AD3d 995, 997). "Amendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584; Matter of OnBank & Trust Co., 90 NY2d 725, 730; People v Duggins, 192 AD3d 191). However, "remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 584; Matter of OnBank & Trust Co., 90 NY2d at 730; People v Duggins, 192 AD3d 191). "Remedial statutes are those designed to correct imperfections in prior law, by generally giving relief to the aggrieved party" (Nelson v HSBC Bank USA, 87 AD3d at 998 [internal quotation marks omitted]). While these principles serve as guides, ultimately, the court must attempt to discern the legislative intent either from the particular words used or, barring that, from the nature of the legislation (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370; Brothers v Florence, 95 NY2d 290, 299; Matter of OnBank & Trust Co., 90 NY2d at 730).
Here, the legislation did not include any express directive as to whether the amendment was to be applied retroactively. However, Local Law No. 10-2007, which amended the merger law, was clearly a remedial law, intended to correct the unjust consequences of the merger law as it had previously existed. The legislative history that is a part of the record also supports retroactive application of the amendment. Further, retroactive application of the amendment would not result in unfairness or impair substantive rights (see Becker v Huss Co., 43 NY2d 527, 540-542; see generally Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 370).
Accordingly, the Supreme Court properly granted the petition, annulled the ZBA's determination dated February 20, 2020, and, in effect, directed the ZBA to grant the petitioners' application.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court