Petric v Retsina Cab Corp. (2025 NY Slip Op 00686)

Petric v Retsina Cab Corp.

2025 NY Slip Op 00686

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-09725
 (Index No. 525118/19)

[*1]Miljan Petric, appellant, 
v
Retsina Cab Corporation, et al., respondents.

Levine and Wiss, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated August 11, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated August 11, 2023, the Supreme Court granted the motion. The plaintiff appeals.
The defendants established, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Additionally, the defendants failed to meet their prima facie burden of showing that the plaintiff's injuries were not caused by the accident. The defendants' submissions failed to address the plaintiff's claims, set forth in the bill of particulars, that, as a result of the defendants' negligence, the accident exacerbated preexisting injuries to the cervical and lumbar regions of his spine (see Weber v Kalisky, 218 AD3d 629, 630; D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650; Sanclemente v MTA Bus Co., 116 AD3d 688, 689). Since the defendants failed to establish that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident, the burden never shifted to the plaintiff to explain any gap in treatment (see Cortez v Nugent, 175 AD3d 1383, 1384; see generally Pommells v Perez, 4 NY3d 566, 572).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court