Gunther v 29th St. PVP, LLC (2025 NY Slip Op 02912)

Gunther v 29th St. PVP, LLC

2025 NY Slip Op 02912

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-00750
 (Index No. 717673/18)

[*1]Peter Gunther, et al., appellants, 
v
29th Street PVP, LLC, respondent.

Newman Ferrara LLP, New York, NY (Lucas A. Ferrara and Roger A. Sachar of counsel), for appellants.
Horing Welikson Rosen & Digrugilliers P.C., Williston Park, NY (Santo Golino of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for common-law fraud and rent overcharges, the plaintiffs appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 30, 2023. The order denied the plaintiffs' motion, inter alia, for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
In November 2018, the plaintiffs, consisting of tenants, who between 2009 and 2018 resided within apartments in either of two buildings in Astoria, commenced this action against the defendant, the owner of the two buildings, to recover, among other things, damages for common-law fraud and rent overcharges. The plaintiffs alleged, inter alia, that, although the buildings participated in the J-51 tax benefit program, the defendant failed, inter alia, to register the apartments as rent stabilized with the Division of Housing and Community Renewal (hereinafter DHCR) until October 2018 and that the defendant's failure to register the apartments was part of a fraudulent scheme to deregulate the apartments. The plaintiffs obtained class certification and alleged, among other things, that other similarly-situated tenants were not provided with leases and/or riders disclosing the rent-stabilization status of their apartments.
Thereafter, the plaintiffs moved, inter alia, for summary judgment on the issue of liability, submitting, among other things, a statement of material facts, asserting that the defendant overcharged the plaintiffs. The defendant opposed the motion. By order entered June 30, 2023, the Supreme Court denied the motion on the ground that the plaintiffs failed to establish, prima facie, each element of common-law fraud. The plaintiffs appeal. We affirm.
"In determining whether statutory enactments should be given retroactive effect, there are two axioms of statutory interpretation. Amendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated. However, remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (Nelson v HSBC Bank USA, 87 AD3d 995, 997 [internal quotation marks omitted]; see Matter of Posillico v Southold Town Zoning Bd. of Appeals, 219 AD3d 885, 888). "Other factors to consider include 'whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an [*2]unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be'" (Nelson v HSBC Bank USA, 87 AD3d at 998, quoting Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122; see Matter of Mia S. [Michelle C.], 212 AD3d 17, 24).
2023 NY Senate Bill S8011, 2023 NY Assembly Bill A8506, which amended part B of the Laws of 2023, chapter 760, by adding section 2-a (hereinafter the chapter amendments) (see L 2024, ch 95, § 4) regarding the standard required to allege a fraudulent scheme to deregulate under the Rent Stabilization Law, has retroactive effect (see Gomes v Vermyck, LLC, _____ AD3d _____, 2025 NY Slip Op 00849; Nelson v HSBC Bank USA, 87 AD3d at 998). Further, retroactive application of the chapter amendments does not result in unfairness or impair substantive rights (see Matter of Posillico v Southold Town Zoning Bd. of Appeals, 219 AD3d at 888).
Nonetheless, contrary to the plaintiffs' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment on the issue of liability, as they failed to eliminate triable issues of fact (see Chini v Chini, 189 AD3d 986, 988; D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650). Under the totality of the circumstances of this case, even applying the chapter amendments regarding the standard required to allege a fraudulent scheme to deregulate under the Rent Stabilization Law, the plaintiffs failed to establish, prima facie, that the defendant "knowingly engaged" in a fraudulent scheme to deregulate the apartments (L 2024, ch 95, § 4; see Gridley v Turnbury Vil., LLC, 196 AD3d 95, 102).
Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability, we need not consider the sufficiency of the defendant's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court