Paulson v Irmgard (2025 NY Slip Op 05001)

Paulson v Irmgard

2025 NY Slip Op 05001

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-06432
2023-10936
 (Index No. 720064/20)

[*1]Christina M. Paulson, appellant, 
v
Karle F. Irmgard, respondent, et al., defendant.

The Grigoropoulos Law Group, PLLC (Michael H. Zhu, Esq., P.C., Rego Park, NY, of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered May 4, 2023, and (2) an order of the same court entered July 24, 2023. The order entered May 4, 2023, granted the motion of the defendant Karle F. Irmgard for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order entered July 24, 2023, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue her opposition to the motion of the defendant Karle F. Irmgard for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the appeal from the order entered July 24, 2023, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered May 4, 2023, is reversed, on the law, and the motion of the defendant Karle F. Irmgard for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendant Karle F. Irmgard (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered May 4, 2023, the Supreme Court granted the motion. The plaintiff appeals.
The defendant met his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208). Moreover, contrary to the defendant's contentions, the defendant failed to establish, prima facie, that the plaintiff's injuries were not caused by the accident. Although the defendant's experts opined that the plaintiff's injuries were degenerative in nature, the defendant failed to address the plaintiff's claims, set forth in the bill of particulars, that the accident exacerbated preexisting injuries to the cervical and lumbar regions of her spine (see Weber v Kalisky, 218 AD3d 629, 630; Detoma v Dobson, 214 AD3d 949, 951; D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court