Holliday v City of New Rochelle (2025 NY Slip Op 06161)

Holliday v City of New Rochelle

2025 NY Slip Op 06161

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-09913
 (Index No. 64441/17)

[*1]Dorian Holliday, appellant, 
v
City of New Rochelle, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Sokoloff Stern LLP, Carle Place, NY (Kiera J. Meehan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated August 29, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated August 29, 2023, the Supreme Court granted the motion.
The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Further, the defendants failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (see Zennia v Ramsey, 208 AD3d 735, 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809; Reyes v Diaz, 82 AD3d 484; see generally Jilani v Palmer, 83 AD3d 786, 787). The defendants' submissions failed to eliminate all triable issues of fact as to whether, as a result of the defendants' negligence, the accident exacerbated preexisting injuries to the cervical and lumbar regions of the plaintiff's spine (see Weber v Kalisky, 218 AD3d 629, 630; D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650; [*2]Sanclemente v MTA Bus Co., 116 AD3d 688, 689). The burden, therefore, did not shift to the plaintiff to raise a triable issue of fact as to causation or to explain any gap in treatment (see Valdez v Classic Hauling, LLC, 233 AD3d 959, 960; Skeldon v Faessler, 219 AD3d 851, 853; Isidor v Banks, 208 AD3d 462, 463).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
BARROS, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court