Prado v Town/Village of Harrison (2025 NY Slip Op 06881)

Prado v Town/Village of Harrison

2025 NY Slip Op 06881

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-08516
 (Index No. 59318/21)

[*1]Ygnacio Prado, appellant, 
v
Town/Village of Harrison, et al., respondents.

The Law Office of Jason Tenenbaum, P.C., Melville, NY, for appellant.
Vincent J. Aceste, White Plains, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Robert S. Ondrovic, J.), dated August 5, 2024. The judgment, upon, inter alia, an order of the same court dated January 3, 2024, denying the plaintiff's motion for leave to amend the complaint to add Frederick J. Gioffre as a defendant, and upon an order of the same court dated May 24, 2024, granting the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, the complaint is reinstated, the plaintiff's motion for leave to amend the complaint to add Frederick J. Gioffre as a defendant is granted, the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied, and the orders dated January 3, 2024, and May 24, 2024, are modified accordingly.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on October 29, 2020. On October 18, 2023, the plaintiff moved for leave to amend the complaint to add Frederick J. Gioffre as a defendant. In an order dated January 3, 2024, the Supreme Court denied the plaintiff's motion on the ground that the statute of limitations had expired. Thereafter, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated May 24, 2024, the court granted the defendants' motion. A judgment dated August 5, 2024, was issued in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment.
The defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants did not submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain [*2]a serious injury to the cervical region of his spine or to his head under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Polight v Martin, 237 AD3d 990, 991; Zennia v Ramsey, 208 AD3d 735, 735; Tarnagorski v Donofrio, 185 AD3d 865, 865). Moreover, the defendants failed to establish, prima facie, that the injuries to the plaintiff's head were not caused by the accident (see Petric v Retsina Cab Corp., 235 AD3d 672, 673; Zennia v Ramsey, 208 AD3d at 735).
The defendants' submissions also failed to address the plaintiff's claims, set forth in his bill of particulars, that, as a result of the defendants' negligence, the accident exacerbated preexisting injuries to the cervical region of his spine and to his head (see Petric v Retsina Cab Corp., 235 AD3d at 673; Weber v Kalisky, 218 AD3d 629, 630; Sanclemente v MTA Bus Co., 116 AD3d 688, 689). Since the defendants failed to establish that the alleged injuries to the cervical region of the plaintiff's spine and to his head were not caused or exacerbated by the accident, the burden never shifted to the plaintiff to raise a triable issue of fact regarding causation or to explain any gap in treatment (see Cortez v Nugent, 175 AD3d 1383, 1384; see generally Pommells v Perez, 4 NY3d 566, 572).
Accordingly, since the defendants failed to meet their prima facie burden, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969, 969).
Further, when a motion for leave to amend a complaint to add a defendant "is filed with the court within the applicable limitations period, but the ruling by the court does not occur until after expiration, dismissal is inappropriate and would offend the CPLR's liberal policies of promoting judicial economy and preventing a multiplicity of suits" (Perez v Paramount Communications, 92 NY2d 749, 754; cf. Schlapa v Consolidated Edison Co. of N.Y., Inc., 174 AD3d 934, 936). Contrary to the Supreme Court's determination, the statute of limitations for the plaintiff's personal injury claim against Gioffre had not expired, as the plaintiff moved for leave to amend the complaint within the three-year limitations period and included a copy of the proposed pleadings (see Perez v Paramount Communications, 92 NY2d at 754; Schlapa v Consolidated Edison Co. of N.Y., Inc., 174 AD3d at 936). The plaintiff's claim against Gioffre therefore was timely, and the court should have granted the plaintiff's motion for leave to amend the complaint to add Gioffre as a defendant (see Perez v Paramount Communications, 92 NY2d at 754).
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court